IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  RDB-21-196 |
| | * | |
| SIDHARTHA KUMAR MATHUR | * | |
| | * | |

**************

## GOVERNMENT'S SENTENCING MEMORANDUM

In response to official action that he did not agree with, the defendant made repeated, graphic, and violent threats against a member of Congress. Despite the defendant's professed concern about the sanctity of the voting process, he took it upon himself to attempt to violently intimidate a duly elected representative. The defendant's vile and felonious conduct included threats to torture the victim, slit their throat, and skin them alive; to blow up the victim's office; and to kill the victim's family. When confronted by the U.S. Capitol Police, the defendant lied about what he'd done multiple times, even after being explicitly warned that to do so would constitute yet another federal crime.

The defendant's conduct is simply unacceptable in a civilized society or a functioning democracy. Our system is designed to resolve political and legal conflicts through political and legal means. As political violence and domestic extremism grow as threats to the public, violent intimidation of public officials must result in serious criminal consequences. The sentence imposed on the defendant must reflect the seriousness of his crimes and promote respect for the law. As a result of his felony conviction, the defendant should be sentenced to a within-Guidelines two years of probation, with six months of home detention and 100 hours of community service.

I. **PROCEDURAL POSTURE**

On June 10, 2021, the defendant waived his right to a grand jury indictment and pled guilty to a one-count Information charging him with False Statements, in violation of 18 U.S.C. § 1001(a)(2). Sentencing is currently scheduled for Thursday, September 9, 2021, at 2:30 p.m., by videoconference pursuant to the CARES Act with the defendant's consent.

II. **FACTS OF THE OFFENSE**

The defendant, Sidhartha Kumar Mathur, is a 35-year-old resident of Howard County, Maryland. The person identified as "Representative A" was a member of the United States House of Representatives.

On December 10, 2020, at 5:43 p.m., Mathur used his iPhone to submit a threatening message to the webmail submission form on Representative A's official Congressional website. The threat read: "I will fucking kill you and blow up your office if you try to take my vote away. I know where you and your family lives. You will be ended. You're a fucking animal that needs to be tortured and skinned alive." Mathur submitted contact information in connection with the message, including the name of "Individual B," a former neighbor and classmate of Mathur, and a Howard County residential address where Individual B had previously resided. The threat was submitted using the internet service at Mathur's residence.

On December 10, 2020, at 5:45 p.m., Mathur used his iPhone to leave a threatening phone message on the voicemail for Representative A's District Office. In the threating voicemail, Mathur said: "Yeah, this is regarding the 106th Republican house members in support of Texas's bid to overturn the election. I just want to say, I'm going fucking to kill you. If you even mess with my vote, I'm going to come and I'll slit your throat and I'll kill your family. Okay. You shut, you

fucking, don't touch my vote. You represent me. I'll kill you." The phone number used to place the call was registered in Mathur's name at his residence.

On December 11, 2020, Special Agents of the United States Capitol Police interviewed Mathur at his residence. Mathur confirmed that the phone number used to place the threatening call belonged to him and the he had called Representative A's office and left a message out of anger. Mathur stated that he may have taken his statements to far. Mathur stated that he would never harm anyone and he apologized for his statements. Mathur stated that he did "take the threat seriously that my vote is going to be taken away" and that he made his preconditions clear, but was not considering actually acting on his voicemail threat.

Mathur acknowledged that Individual B had been a neighbor and classmate. When asked about the threatening webmail submitted in Individual B's name from the internet service at Mathur's residence. Mathur denied being responsible for the webmail threat. The agents pointed out that the webmail threat used similar language and came within minutes of the voicemail threat Mathur admitted to leaving. The agents informed Mathur that lying to federal agents was a felony offense, and again asked if he was responsible for the webmail threat, which Mathur again denied. At the conclusion of the interview, the agents summarized the information covered in the interview, including that Mathur admitted to leaving the threatening voicemail and denied submitting the threatening webmail, suggesting that his home WiFi may be insecure. The agents again informed Mathur that if he lied to a federal agent he could be charged with violation of 18 U.S.C. 1001. Following the repeated admonition, Mathur again falsely denied submitting the webmail threat in Individual B's name.

**III.   THE ADVISORY GUIDELINE SENTENCE**

The government concurs with the guidelines calculation set forth in the presentence investigation report ("PSR"). Dkt. #32, ¶¶ 16-24. The applicable base offense level is 12, pursuant to U.S.S.G. §§ 2B1.1(c)(3) and 2A6.1(a)(1), because the defendant has been convicted of a violation of 18 U.S.C. § 1001, and the conduct set forth in the count of conviction establishes a violation of other offenses, including 18 U.S.C. § 115(a)(1)(B) (Threats Against a Federal Official). Following an expected two-level reduction for acceptance of responsibility, the final offense level would be 10.

With an offense level of 10, and no prior convictions, the defendant's expected advisory guidelines sentencing range is 6-12 months in prison. Pursuant to U.S.S.G. § 5B1.1(a)(2), a sentence of probation is authorized because the offense falls within Zone B of the Sentencing Table. Pursuant to U.S.S.G. § 5F1.2, a period of home detention may be imposed as a condition of probation, as a substitute for imprisonment. For the reasons set forth below, a within-Guidelines sentence of two years of probation, including 6 months of home detention, is sufficient, but no more than necessary, to accomplish the goals of federal sentencing law and policy.

**IV.   THE DEFENDANT SHOULD BE SENTENCED TO SIX MONTHS' HOME DETENTION**

Two years of probation, including six months of home detention, is a just sentence for these serious crimes after considering the advisory sentencing guidelines and all of the factors set forth in 18 U.S.C. § 3553(a)(2), including the seriousness of the offense, the need to provide just punishment, and the need for the sentence imposed to deter others from similar conduct.

The nature and circumstances of the defendant's offenses are very serious. In a time of increased political strife, and escalating threats of political violence, the defendant chose to make explicit threats to kill a member of Congress, their family, and to blow up their office. The

defendant's threats were explicitly made in retaliation for official actions taken by a duly elected representative with whom he disagreed. Our democracy provides all citizens with many legitimate opportunities to make their voices heard and to influence the actions of their elected officials. The defendant could have organized lawful protests. He could have contributed time or money to promote candidates with whom he agreed or oppose those with whom he disagreed. The defendant could have contacted the victim and provided evidence or arguments in support of the defendant's positions. He could have left angry, even rude messages criticizing the victim's official actions. He did none of these things. Instead, he chose to make vile, violent, and felonious threats:

> I will fucking kill you and blow up your office if you try to take my vote away. I know where you and your family lives. You will be ended. You're a fucking animal that needs to be tortured and skinned alive.
>
> *****
>
> I'm going fucking to kill you. If you even mess with my vote, I'm going to come and I'll slit your throat and I'll kill your family. Okay. You shut, you fucking, don't touch my vote. You represent me. I'll kill you.

Despite his professed concerns for voting rights, the defendant's criminal conduct showed that when he disagreed with the actions of a democratically elected representative of the people, he felt justified in attempting to influence the victim's official actions through violent threats and intimidation.

Sadly, political violence of all stripes has become a clear and present danger to public safety and the functioning of our democracy. The defendant's conduct showed his rejection of that democracy and his willingness to resort to repeated violent threats when duly elected representatives take actions with which he disagrees. The defendant compounded his crimes by repeatedly lying about submitting the online threat, even when explicitly warned that continuing to lie would be a federal crime. While his false denials were simply not credible under the

circumstances, his decision not to either truthfully admit what he'd done or invoke his right to remain silent, demonstrated further disrespect for the law. A serious sanction, including a felony conviction, six months of home detention, and 100 hours of community service is warranted.

The history and characteristics of the defendant further support that a sentence of two years' probation with six months of home detention is sufficient, but no more than necessary to advance the goals of sentencing law and policy. The defendant has no prior convictions, and there is no evidence that he has engaged in other criminal conduct. There is also no evidence that he has made violent threats to others or on occasions outside of a few minutes

A sentence of two years of probation, including six months of home detention, would reflect the seriousness of this crime, promote respect for the law, provide just punishment. As a result of his criminal conduct, the defendant will be a convicted felon, carrying significant collateral consequences including the loss of the right to possess a firearm and certain government benefits. The defendant's family, community, and the greater public are now aware of the details of the unlawful, violent threats made by the defendant. The swift and serious consequences imposed upon him as a result of his crimes, sends a message to the defendant as well as others who may consider engaging in similar conduct that those who seek to intimidate and threaten government officials will be identified, arrested, and prosecuted.

This Court has previously imposed similar sentences upon similarly situated defendants. For example, a Maryland man was recently convicted after he left a voicemail threatening to kill a Member of Congress at the Member's district office, and minutes later made similar threats on the internet to kill that Member of Congress. This Court sentenced him to time served followed by two years of supervised release, including 6 months of home detention. *United States v. Darryl Albert Varnum*, Crim. No. RDB-19-337. The defendant's crimes here are nearly the same as those

committed by Varnum, and imposition of a similar sentence would avoid unwarranted sentencing disparities.

The government also respectfully requests that, as a condition of probation, the court order the defendant to perform at least 100 hours of community service, in a manner approved by his supervising probation officer. This additional consequence will provide additional benefit to the community harmed by the defendant's conduct beyond the general deterrence afforded by his prosecution and sentencing.

The defendant's efforts against his employer were an egregious abuse of trust that resulted in wanton destruction and disruption of a global company's computer systems. A felony conviction and sentence of two years of probation, including six months of home detention and 100 hours of community service, is sufficient but no more than necessary to advance the goals of federal sentencing law and policy.

## V.    **CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court impose a sentence of two years' probation, including six months of home detention and 100 hours of community service.

                                          Respectfully submitted,

                                          Jonathan F. Lenzner
                                          Acting United States Attorney

By:       /ss/
            Zachary A. Myers
            P. Michael Cunningham
            Assistant United States Attorneys